UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

EDWARD MERGENTHAL,

    Plaintiff,

v.

MANKI, LLC, (dba) REYNOLDS FOOD MART, a Florida Limited Liability Company and JITENDRAKUMAR PATEL, individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Edward Mergenthal ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, MANKI LLC,(dba) REYNOLDS FOOD MART ("Defendant" or "Manki") and JITENDRAKUMAR PATEL, ("Defendant" or "Patel") (collectively, "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as this claim is brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter

referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims, occurred in Polk County, Florida, located within the Middle District of Florida.

## PARTIES

4. At all times material hereto, Plaintiff was and is a Polk County, Florida resident.

5. At all times material hereto, Plaintiff was an employee who performed services on behalf of Defendants in Polk County, Florida.

6. Defendant Manki is a Florida Limited Liability Company, with its principal address 1035 Reynolds Road, Lakeland, Florida 33801. *See* Sunbiz Report attached as Exhibit A.

7. Defendant Patel was and is an individual owner and operator of Manki during the relevant time period and regularly engaged in activities including: (a) running the day-to-day operations of Manki; (b) determining the schedules and hours worked by Plaintiff; (c) determining the rates of pay given to Plaintiff; (d) hiring and

firing of employees of Manki; and (e) determining the course and scope of work assigned to Plaintiff.

## **FLSA COVERAGE**

8. At all times material hereto, Defendants were and continue to be "employers" within the meaning of 29 U.S.C. § 203(d).

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was and is in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Plaintiff was and is "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

14. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the work performed by Plaintiff was and is directly essential to the business performed by Defendants, in that Defendants could not operate their business without employees like Plaintiff.

## FACTUAL ALLEGATIONS

16. Defendants hired Plaintiff as an hourly paid gas station and store attendant starting in July 2022 and he continued to work off and on for Defendants through July 11, 2025[1].

17. Plaintiff was paid $13.00 per hour throughout his employment but was not paid for any hours worked over forty (40) per workweek.

18. Plaintiff's scheduled hours varied day to day, week to week. If another employee scheduled to relieve Plaintiff called in sick or quit, Plaintiff would be required to work.

19. Plaintiff's job duties included, but were not limited to, providing excellent customer service, operating the cash register and handling transactions accurately, stocking convenience store items, maintaining the cleanliness of the station and restrooms, monitoring inventory and fuel levels, and ensuring compliance with safety and company policies and other assignments given by Defendants.

---

[1] Plaintiff was hired in July 2022, and left for a month in December 2023 and January 2024, and went back to work for Defendants from February 2024 through July 11, 2025.

20. Throughout his employment with Defendants, Plaintiff regularly worked more than forty (40) hours per workweek.

21. Defendants misclassified Plaintiff as exempt from overtime compensation under the FLSA when Plaintiff was, in fact, a non-exempt employee entitled to overtime pay.

22. Despite working regularly in excess of forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

23. Defendants' misclassification of Plaintiff was willful and not based on a good faith belief that Plaintiff was exempt from the FLSA's overtime requirements.

24. Defendants controlled Plaintiff's work schedule, assigned his duties, supervised his work, and required him to follow established procedures and policies.

25. Plaintiff was closely monitored by Defendants' and followed procedures established by Defendants.

26. Plaintiff's primary value to Defendants was his services as a non-exempt hourly employee and any alleged "managerial" duties were non-existent.

27. Throughout Plaintiff's employment, Defendants regularly required and permitted Plaintiff to work in excess of forty (40) hours per week without proper overtime compensation. *See* schedules attached as Exhibit B.

28. Defendants failed to maintain proper time records as mandated by the FLSA.

29. Prior to violating the FLSA, Defendants did not consult with an attorney, the Department of Labor, or an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from overtime pay under the FLSA.

30. Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

31. Defendants are "joint employers" under the FLSA through their unified control and operations, sharing of employees, and mutual benefit from Plaintiff's work.

## ENTERPRISE AND INDIVIDUAL COVERAGE

32. At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

33. Defendants' employees, including Plaintiff, handled and worked with various goods and materials that moved through interstate commerce, including food, beverages, and other gas station supplies.

34. Defendants process credit cards from out-of-state customers.

35. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**EMPLOYMENT RELATIONSHIP AND JOINT EMPLOYER STATUS**

36. Defendants had the power to hire and fire Plaintiff and exercised control over his work schedule, duties, and compensation.

37. Defendant Patel is individually liable as an "employer" under 29 U.S.C. § 203(d) because he: (a) was involved in Manki's day-to-day operations; (b) supervised employees; (c) determined employee compensation; (d) had authority to hire and fire; and (e) was responsible for ensuring FLSA compliance.

38. The Corporate Defendant is an entity engaged in related activities, which perform through a unified operation, with common ownership, with a common business purpose, and administration of Defendant, Patel.

39. The Corporate Defendant and Patel share offices, employees, and business deals.

40. The Corporate Defendant and Patel share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendant is an integrated enterprise. Alternatively, each Defendant is a covered enterprise under the Act.

41. The Corporate Defendant and Patel share employees or interchange employees; work in the direct interest of one another; and their employees are under the common control of both Defendants. The Defendants are joint (vertical or horizontal) employers. Alternatively, each is a covered enterprise under the Act.

42. Both Defendants are jointly and severally liable for violations alleged herein.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 - MISCLASSIFICATION AND UNPAID OVERTIME COMPENSATION

43. Plaintiff reincorporates and re-alleges all paragraphs of the Complaint, as though set forth fully herein.

44. Plaintiff is entitled to be paid one and one-half times his regular pay rate for each hour worked in excess of forty (40) per work week.

45. Defendants willfully misclassified Plaintiff as exempt from overtime when he was clearly a non-exempt employee under the FLSA.

46. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours but was not paid proper overtime compensation due to Defendants' misclassification.

47. As a result of Defendants' intentional, willful, and unlawful acts in misclassifying Plaintiff and refusing to pay him one and one-half times his regular

rate of pay for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due for his time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and

f. Order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated 10th day of September 2025

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

# EXHIBIT A



Department of State / Division of Corporations / Search Records / Search by Entity Name /

# Detail by Entity Name

Florida Limited Liability Company
MANKI LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L18000112892 |
| **FEI/EIN Number** | 82-5518302 |
| **Date Filed** | 05/04/2018 |
| **Effective Date** | 05/04/2018 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

1035 REYNOLDS ROAD
LAKELAND, FL 33801

Changed: 04/30/2019

**Mailing Address**

6791 KRENSON OAKS CIR
LAKELAND, FL 33810

**Registered Agent Name & Address**

PATEL, VAISHALI
6791 KRENSON OAKS CIR
LAKELAND, FL 33810

**Authorized Person(s) Detail**

**Name & Address**

Title MGRM

PATEL, VAISHALI
6791 KRENSON OAKS CIR
LAKELAND, FL 33810

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2023 | 03/26/2023 |
| 2024 | 04/25/2024 |
| 2025 | 04/24/2025 |

**Document Images**

| | |
|---|---|
| 04/24/2025 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2024 -- ANNUAL REPORT | View image in PDF format |
| 03/26/2023 -- ANNUAL REPORT | View image in PDF format |
| 03/20/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2021 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2020 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2019 -- ANNUAL REPORT | View image in PDF format |
| 05/04/2018 -- Florida Limited Liability | View image in PDF format |

Florida Department of State, Division of Corporations

# EXHIBIT B

CITGO SCHEDULE

SCHADULE TIME
3/24/2025 TO 03/30/2025

| NAME OF EMPLOYEE | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| JAY | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
| SID | OFF | OFF | OFF | OFF | OFF | 06A-04P | OFF |
| EDWARD | 06A-10P | 06A-10P | 06A-10P | OFF | 07A-10P | 04P-10P | 07A-09P |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |

# CITGO SCHEDULE

**SCHADULE TIME**
02/26/2024 ———————— TO ———————— 03/03/2024

| NAME OF EMPLOYEE | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| JAY | OFF | OFF | OFF | OFF | OFF | OFF | 07A-12P |
| JAY THAK | OFF | 07A-12P | 07A-12P | 05P-10P | OFF | OFF | 12P-05P |
| EDWARD | 07A-05P | 12P-05P | 12P-05P | 07A-05P | 12P-10P | 07a-03p | OFF |
| PAJI | 05P-10P | 05P-10P | OFF | OFF | 07A-12P | 03P-10P | 4P-09P |
| VANSH | OFF | OFF | 05P-10P | OFF | OFF | OFF | OFF |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |

# CITGO SCHEDULE

SCHADULE TIME
03/18/2024 ---------------- TO ---------------- 03/24/2024

| NAME OF EMPLOYEE | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| JAY | OFF | OFF | OFF | OFF | 07A-10P | OFF | OFF |
| JAY THAK | OFF | OFF | OFF | OFF | OFF | 07A-03P | 03P-09P |
| EDWARD | 07A-05P | 07A-05P | 07A-03P | 12P-10P | 10A-10P | 03P-10P | OFF |
| PAJI | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
| VANSH | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
| DWVANSH | 05P-10P | 05P-10P | 05P-10P | 07A-12P | OFF | OFF | 07A-03P |

# CITGO SCHEDULE

SCHADULE TIME

4/07/2025 ------------------- TO ---------------- 04/13/2025

| NAME OF EMPLOYEE | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| JAY | OFF | OFF | OFF | 06A-04P | OFF | 07A-03P | 07A-11P |
| SID | OFF | OFF | OFF | 04P-10P | OFF | OFF | OFF |
| EDWARD | 06A-10P | 06A-10P | 06A-10P | OFF | 07A-10P | 03P-10P | 11P-09P |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |
|  | OFF | OFF | OFF | OFF | OFF | OFF | OFF |